STATE OF NORTH CAROLINA v. JIMMY COLLINS

No. 7320SC643

(Filed 19 September 1973)

**Criminal Law § 5— defense of unconsciousness — instructions**

In this trial of defendant upon two charges of assault upon a law officer, the trial court properly instructed the jury on defendant's defense of unconsciousness brought on by the use of alcohol, drugs, or both.

APPEAL by defendant from *McConnell, Judge,* 5 March 1973 Session of Superior Court held in RICHMOND County.

Defendant was charged in two bills of indictment: (1) in case number 73CR471 with an assault with a firearm upon Cleavon B. Gainey, a law enforcement officer in performance of his duties, and (2) in case number 73CR472 with an assault with a firearm upon Grady Cockman, a law enforcement officer in performance of his duties. The two cases were consolidated for trial.

Upon motion of defendant, defendant was committed on 25 January 1973 to the State Hospital for observation to determine whether he was mentally competent to plead to the charges against him and to stand trial. After observation and evaluation defendant was found competent and was returned to Richmond County. Upon his arraignment at trial he entered a plea of "Not guilty by reason of temporary insanity."

The State's evidence in case number 73CR471 tended to show the following: Deputy Sheriff Gainey was on duty as jailer at the Richmond County Jail on 15 January 1973, when the defendant entered the jail office at about 7:30 p.m. with a shotgun. When Deputy Gainey started to get up from his chair defendant pointed the shotgun at him and said: "Don't. You turn them out, all of them." Deputy Gainey said "okay" and started to the rear of the jail. The door which opened into the next room was solid steel and as Deputy Gainey went into the next room he slammed the steel door shut and locked it.

The State's evidence in case number 73CR472 tended to show the following: Deputy Sheriff Cockman was on duty on 15 January 1973. At about 7:30 p.m. he drove his patrol car to the county jail lot to fill it with gas. As he drove up defendant pointed a shotgun at him and ordered him out of his car. As Deputy Cockman was getting out of his car an A.B.C. officer drove into the county jail yard. Defendant said, "Too damn late now," turned and ran away. Defendant was apprehended about two hours later.

Defendant's evidence consisted of his own testimony which tended to show the following: Defendant had been drinking and taking "speed" pills all week and on the day in question. Defendant had used alcohol all of his life and had used drugs for six or seven years, and had been hospitalized the previous

State v. Collins

summer for an overdose of "speed." Defendant did not recall any of the incidents at the jail and did not know what he was doing on the night in question. The first thing defendant remembered was that the next morning he was in a padded cell.

The jury found defendant guilty as charged in both cases.

*Attorney General Morgan, by Assistant Attorney General Eatman, for the State.*

*Pittman, Pittman & Guice, by Zoro J. Guice, Jr., for the defendant.*

BROCK, Chief Judge.

There was no question of identification of defendant. Both of the deputies who were assaulted had known defendant for several years. Defendant's sole defense was stated in his plea: temporary insanity. However, he offered absolutely no evidence of insanity, temporary or otherwise. At best, his evidence tended to show a temporary amnesia brought about by consumption of alcohol or "speed" pills, or both.

By his evidence, defendant relied upon a showing of lack of criminal intent because of his lack of consciousness brought on by his indulgence in alcohol or drugs, or both. This feature of the case was clearly explained to the jury by the trial judge, and defendant was given every advantage to which he was entitled. Obviously, the jury rejected defendant's contention.

In our opinion, defendant had a fair trial, free from prejudicial error.

No error.

Judges BRITT and BALEY concur.